UNITED STATES DISTRICT COURT    JUDGE WOOD
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :        <u>INDICTMENT</u>

       - v. -                                :

                                                 S1 10 Cr. 878

EUN SOOK CHANG, a/k/a "Jackie,"          :
EUN SUN, a/k/a "Cindy,"
     a/k/a "Sumi,"                       :
HYUN LEE, a/k/a "Jennifer,"
SOO JUNG,                                :
SEOK CHO,
HYE KYUNG CHON, a/k/a "Tae Hee,"         :
MI AH SO, a/k/a "Naomi,"
HAE KYUNG LEE, a/k/a "Na Kyung,"         :
FNU LNU 1,
     a/k/a "Na Kyung's Driver,"
HYUN KIM, a/k/a "Cripple,"
FNU LNU 2,
     a/k/a "Philadelphia Madame,"
FNU LNU 3,
     a/k/a "General,"
MI-YOUNG LNU,                            :
GI HO KANG,
DAE WOO KIM,                             :
YONG LEE,
MYUNG YOON LEE, a/k/a "Kevin,"           :
CHUL MIN CHO, a/k/a "Sam,"
CHUNG HSUEH LI, a/k/a "James,"           :
JASON KIM,
DO KYOUNG KIM, a/k/a "Don," and          :
PAUL TURPANJIAN,
                                         :
                    Defendants.
                                         :
- - - - - - - - - - - - - - - - - - - x

<u>COUNT ONE</u>
(Sex Trafficking Conspiracy)

     The Grand Jury charges:

     1.   From at least 2009, up to and including the date
of this Indictment, in the Southern District of New York and
elsewhere, EUN SOOK CHANG, a/k/a "Jackie," EUN SUN, a/k/a
"Cindy," a/k/a "Sumi," HYUN LEE, a/k/a "Jennifer," SOO JUNG, SEOK

CHO, HYE KYUNG CHON, a/k/a "Tae Hee," MI AH SO, a/k/a "Naomi," HAE KYUNG LEE, a/k/a "Na Kyung," FNU LNU 1, a/k/a "Na Kyung's Driver," HYUN KIM, a/k/a "Cripple," FNU LNU 2, a/k/a "Philadelphia Madame," FNU LNU 3, a/k/a "General," MI-YOUNG LNU, GI HO KANG, YONG LEE, MYUNG YOON LEE, a/k/a "Kevin," CHUL MIN CHO, a/k/a "Sam," CHUNG HSUEH LI, a/k/a "James," JASON KIM, DO KYOUNG KIM, a/k/a "Don," and PAUL TURPANJIAN, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Sections 2421 and 2422(a) of Title 18, United States Code.

2. It was a part and an object of the conspiracy that EUN SOOK CHANG, a/k/a "Jackie," EUN SUN, a/k/a "Cindy," a/k/a "Sumi," HYUN LEE, a/k/a "Jennifer," SOO JUNG, SEOK CHO, HYE KYUNG CHON, a/k/a "Tae Hee," MI AH SO, a/k/a "Naomi," HAE KYUNG LEE, a/k/a "Na Kyung," FNU LNU 1, a/k/a "Na Kyung's Driver," HYUN KIM, a/k/a "Cripple," FNU LNU 2, a/k/a "Philadelphia Madame," FNU LNU 3, a/k/a "General," MI-YOUNG LNU, GI HO KANG, YONG LEE, MYUNG YOON LEE, a/k/a "Kevin," CHUL MIN CHO, a/k/a "Sam," CHUNG HSUEH LI, a/k/a "James," JASON KIM, DO KYOUNG KIM, a/k/a "Don," and PAUL TURPANJIAN, the defendants, and others known and unknown, unlawfully, willfully, and knowingly would and did transport individuals in interstate and foreign commerce, with intent that such individuals engage in prostitution and in any sexual

activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2421.

3.   It was a further part and an object of the conspiracy that EUN SOOK CHANG, a/k/a "Jackie," EUN SUN, a/k/a "Cindy," a/k/a "Sumi," HYUN LEE, a/k/a "Jennifer," SOO JUNG, SEOK CHO, HYE KYUNG CHON, a/k/a "Tae Hee," MI AH SO, a/k/a "Naomi," HAE KYUNG LEE, a/k/a "Na Kyung," FNU LNU 1, a/k/a "Na Kyung's Driver," HYUN KIM, a/k/a "Cripple," FNU LNU 2, a/k/a "Philadelphia Madame," FNU LNU 3, a/k/a "General," MI-YOUNG LNU, GI HO KANG, YONG LEE, MYUNG YOON LEE, a/k/a "Kevin," CHUL MIN CHO, a/k/a "Sam," CHUNG HSUEH LI, a/k/a "James," JASON KIM, DO KYOUNG KIM, a/k/a "Don," and PAUL TURPANJIAN, the defendants, and others known and unknown, unlawfully, willfully, and knowingly would and did persuade, induce, entice, and coerce individuals to travel in interstate and foreign commerce to engage in prostitution and in any sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(a).

<u>Overt Acts</u>

4.   In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about January 29, 2010, a co-conspirator not

3

named as a defendant herein ("CC-1") spoke over the telephone with EUN SOOK CHANG, a/k/a "Jackie," HYUN LEE, a/k/a "Jennifer," and EUN SUN, a/k/a "Cindy," a/k/a "Sumi," the defendants, about transporting prostitutes from Manhattan to New Jersey.

      b.   On or about January 29, 2010, DO KYOUNG KIM, a/k/a "Don," the defendant, spoke over the telephone with EUN SOOK CHANG, a/k/a "Jackie," the defendant, about advertisements he placed for her prostitution business and how much money CHANG owed KIM.

      c.   On or about February 1, 2010, EUN SOOK CHANG, a/k/a "Jackie," the defendant, spoke over the telephone with SOO JUNG, the defendant, about their respective prostitution businesses.

      d.   On or about February 4, 2010, PAUL TURPANJIAN, the defendant, spoke over the telephone with EUN SOOK CHANG, a/k/a "Jackie," the defendant, about her prostitution business.

      e.   On or about February 4, 2010, EUN SOOK CHANG, a/k/a "Jackie," the defendant, spoke over the telephone with a woman ("Prostitute-1") about traveling from Texas to New York to work for CHANG's prostitution business.

      f.   On or about February 11, 2010, HYUN LEE, a/k/a "Jennifer," the defendant, spoke over the telephone with CC-1 about sending a woman from Manhattan to New Jersey to engage in prostitution.

      g.   On or about February 15, 2010, EUN SOOK CHANG,

4

a/k/a "Jackie," the defendant, spoke over the telephone with CC-1 to ask CC-1 to pick up Prostitute-1 from the airport the following day.

   h.   On or about March 1, 2010, JASON KIM, the defendant, spoke over the telephone with EUN SOOK CHANG, a/k/a "Jackie," the defendant, about placing advertisements for her prostitution business on websites including Craigslist and Backpage.

   i.   On or about March 14, 2010, CHUL MIN CHO, a/k/a "Sam," the defendant, spoke over the telephone with EUN SOOK CHO, the defendant, about providing a prostitute for her prostitution business.

   j.   On or about March 15, 2010, CHUNG HSUEH LI, a/k/a "James," the defendant, spoke over the telephone with EUN SOOK CHO, the defendant, about providing a prostitute for her prostitution business.

   k.   On or about March 15, 2010, GI HO KANG, the defendant, spoke over the telephone with an undercover law enforcement officer about bringing a prostitute from Manhattan to a hotel in New Jersey for $350.

   l.   On or about March 15, 2010, GI HO KANG and YONG LEE, the defendants, spoke over the telephone about driving a prostitute to a hotel in New Jersey.

   m.   On or about March 15, 2010, YONG LEE, the defendant, drove a prostitute to a hotel in New Jersey.

n.   On or about April 14, 2010, SEOK CHO and MYUNG YOON LEE, a/k/a "Kevin," the defendants, spoke over the telephone about sending women to either Ohio or North Carolina to engage in prostitution.

o.   On or about April 17, 2010, SEOK CHO and MI AH SO, a/k/a "Naomi," the defendants, spoke over the telephone about their prostitution business.

p.   On or about April 20, 2010, SEOK CHO, the defendant, drove a woman ("Prostitute-2") from Queens, through Manhattan, to Georgia to engage in prostitution.

q.   On or about April 24, 2010, SEOK CHO, the defendant, spoke over the telephone with Prostitute-2 about how many customers she had.

r.   On or about April 28, 2010, SEOK CHO and HYE KYUNG CHON, a/k/a "Tae-Hee," the defendants, spoke over the telephone with CC-1 about transporting a woman to North Carolina to engage in prostitution.

s.   On or about May 4, 2010, FNU LNU 2, a/k/a "Philadelphia Madame," the defendant, spoke over the telephone with CC-1 about the prostitution business.

t.   On or about May 5, 2010, CC-1 drove a woman ("Prostitute-3"), who had previously worked for FNU LNU 2, a/k/a "Philadelphia Madame," the defendant, from Pennsylvania to North Carolina to engage in prostitution.  Once in North Carolina, CC-1 and Prostitute-3 met with SEOK CHO and HYE KYUNG CHON, a/k/a "Tae

6

Hee," the defendants, to discuss how CHO and CHON operated their business.

u.   On or about May 6, 2010, FNU LNU 2, a/k/a "Philadelphia Madame," the defendant, spoke over the telephone with CC-1 about Prostitute-3.

v.   On or about April 15, 2010, SEOK CHO and HYE KYUNG CHON, a/k/a "Tae Hee," the defendants, arranged for a woman ("Prostitute-4") to travel from Korea to North Carolina to work for their prostitution business.

w.   On or about March 31, 2010, HAE KYUNG LEE, a/k/a "Na-Kyung," the defendant, spoke over the telephone with CC-1 about transporting a prostitute to Houston to work in LEE's prostitution business.

x.   On or about March 31, 2010, CC-1 traveled from New York to Houston with a woman ("Prostitute-5"). Upon their arrival in Houston, FNU LNU 1, a/k/a "Na-Kyung's Driver," the defendant, met with CC-1 and Prostitute-5 and drove them to a brothel operated by HAE KYUNG LEE, a/k/a "Na-Kyung," the defendant.

y.   On or about April 4, 2010, HAE KYUNG LEE, a/k/a "Na-Kyung," the defendant, spoke over the telephone with CC-1 about sending a woman ("Prostitute-6") from Houston to New York.

z.   On or about August 3, 2010, CHUL MIN CHO, a/k/a "Sam," the defendant, spoke over the telephone with an undercover law enforcement officer, posing as a prostitute in New York,

about finding her work in another state.

aa.  On or about August 10, 2010, HYUN KIM, a/k/a "Cripple," the defendant, spoke over the telephone with CC-1 about transporting a prostitute from Connecticut to Philadelphia.

bb.  On or about August 19, 2010, HYUN KIM, a/k/a "Cripple," the defendant, met with CC-1 to speak about the prostitution business.

cc.  On or about October 25, 2010, FNU LNU 3, a/k/a "General," and MI-YOUNG LNU, the defendants, met with CC-1 about the prostitution business.

dd.  On or about October 28, 2010, FNU LUN, a/k/a "General," the defendant, along with CC-1, transported a prostitute who had arrived from Los Angeles from JFK airport to a brothel in Manhattan operated by MI-YOUNG LNU, the defendant.

(Title 18, United States Code, Section 371.)

<u>COUNT TWO</u>
(Mann Act Violation)

The Grand Jury further charges:

5.  On or about January 30, 2010, in the Southern District of New York and elsewhere, EUN SOOK CHANG, a/k/a "Jackie," HYUN LEE, a/k/a "Jennifer," and EUN SUN, a/k/a "Cindy," a/k/a "Sumi," the defendants, and others known and unknown, unlawfully, willfully, and knowingly transported and attempted to transport an individual in interstate commerce, with intent that the individual engage in prostitution, to wit, CHANG, LEE, and

8

SUN arranged to have women transported from Manhattan to New Jersey to engage in prostitution.

(Title 18, United States Code, Sections 2421 and 2.)

## COUNT THREE
### (Mann Act Violation)

The Grand Jury further charges:

6.   In or about February 2010, in the Southern District of New York and elsewhere, EUN SOOK CHANG, a/k/a "Jackie," the defendant, and others known and unknown, unlawfully, willfully, and knowingly transported and attempted to transport an individual in interstate commerce, with intent that the individual engage in prostitution, to wit, CHANG arranged for a woman to travel from Texas to Manhattan to work for CHANG's prostitution business.

(Title 18, United States Code, Sections 2421 and 2.)

## COUNT FOUR
### (Mann Act Violation)

The Grand Jury further charges:

7.   In or about or about April 2010, in the Southern District of New York and elsewhere, SEOK CHO, MYUNG YOON LEE, a/k/a "Kevin," and MI AH SO, a/k/a "Naomi," the defendants, and others known and unknown, unlawfully, willfully, and knowingly transported and attempted to transport an individual in interstate commerce, with intent that the individual engage in prostitution, to wit, CHO, LEE, and SO arranged for a woman to travel from New York to Georgia to engage in prostitution.

(Title 18, United States Code, Sections 2421 and 2.)

9

## COUNT FIVE
(Mann Act Violation)

The Grand Jury further charges:

8.     From or about April 2010 through May 2010, in the Southern District of New York and elsewhere, SEOK CHO, MI AH SO, a/k/a "Naomi," HYE KYUNG CHON, a/k/a "Tae Hee," and FNU LNU 2, a/k/a "Philadelphia Madame," the defendants, and others known and unknown, unlawfully, willfully, and knowingly transported and attempted to transport an individual in interstate commerce, with intent that the individual engage in prostitution, to wit, CHO, SO, CHON, and FNU LNU 2, a/k/a "Philadelphia Madame," arranged for a woman to travel from New York to North Carolina to engage in prostitution.

(Title 18, United States Code, Sections 2421 and 2.)

## COUNT SIX
(Mann Act Violation)

The Grand Jury further charges:

9.     In or about March 2010, in the Southern District of New York and elsewhere, HAE KYUNG LEE, a/k/a "Na-Kyung," and FNU LNU 1, a/k/a "Na-Kyung's Driver," the defendants, and others known and unknown, unlawfully, willfully, and knowingly transported and attempted to transport an individual in interstate commerce, with intent that the individual engage in prostitution, to wit, LEE and FNU LNU 1, a/k/a "Na-Kyung's Driver," arranged for a woman to travel from New York to Texas to

engage in prostitution.

(Title 18, United States Code, Sections 2421 and 2.)

## COUNT SEVEN
(Money Laundering)

The Grand Jury further charges:

10. From at least in or about January 2010 through in or about April 2010, in the Southern District of New York and elsewhere, EUN SOOK CHANG and SEOK CHO, the defendants, and others known and unknown, unlawfully, willfully and knowingly, did combine, conspire, confederate and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(3).

11. It was a part and an object of the conspiracy that EUN SOOK CHANG and SEOK CHO, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, with intent to conceal or disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, would and did conduct and attempt to conduct a financial transaction involving property represented to be the proceeds of some form of unlawful activity, to wit, approximately $25,000 in United States currency represented to be the proceeds of narcotics trafficking, in violation of Title 18, United States Code, Section 156(a)(3).

## OVERT ACT

12. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt act, among

11

others, was committed in the Southern District of New York:

a.  On or about February 1, 2010, EUN SOOK CHANG and SEOK CHO, the defendants, spoke over the telephone about sending $25,000 from New York to Korea.

(Title 18, United States Code, Section 1956(h).)

## COUNT EIGHT
### (Narcotics Conspiracy)

The Grand Jury further charges:

13.  From at least in or about 2009, up to and including in or about the date of this Indictment, in the Southern District of New York and elsewhere, GI HO KANG and DAE WOO KIM, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

14.  It was a part and an object of the conspiracy that GI HO KANG and DAE WOO KIM, the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

15.  The controlled substance involved in the offense was 500 grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

## Overt Acts

16.  In furtherance of the conspiracy and to effect the

12

illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    On or about October 28, 2009, GI HO KANG and DAE WOO KIM, the defendants, met in the vicinity of 32nd Street and Broadway in Manhattan.  Shortly thereafter, GI HO KANG sold CC-1 approximately 38 grams of cocaine.

b.    On or about January 19, 2010, GI HO KANG and DAE WOO KIM, the defendants, met in the vicinity of 31st Street and 5th Avenue in Manhattan.  Shortly thereafter, GI HO KANG sold CC-1 approximately 16 grams of cocaine.

c.    On or about January 28, 2010, GI HO KANG and DAE WOO KIM, the defendants, met in the vicinity of 32nd Street and Broadway in Manhattan.  Shortly thereafter, GI HO KANG sold CC-1 approximately 60 grams of cocaine.

d.    On or about March 2, 2010, GI HO KANG and DAE WOO KIM, the defendants, spoke over the telephone about a cocaine transaction.  The same day, GI HO KANG sold CC-1 approximately 60 grams of cocaine in the vicinity of 32nd Street and Broadway in Manhattan.

e.    On or about June 9, 2010, DAE WOO KIM, the defendant, sold approximately 158 grams of cocaine to CC-1 in Flushing, Queens.

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATION AS TO COUNT SEVEN

17.  As a result of committing the money laundering offense in violation of Title 18, United States Code, Section 1956, alleged in Count Seven of this Indictment, EUN SOOK CHANG and SEOK CHO, the defendants, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property, including but not limited to a sum of money equal to at least $27,500.

### Substitute Asset Provision

18.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1956.)

14

## FORFEITURE ALLEGATION AS TO COUNT EIGHT

19.  As a result of committing the controlled substance offense alleged in Count Eight of this Indictment, GI HO KANG and DAE WOO KIM, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count Eight of this Indictment, including but not limited to a sum of money equal to at least $25,000.

### Substitute Asset Provision

20.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants --

        a.   cannot be located upon the exercise of due diligence;

        b.   has been transferred or sold to, or deposited with, a third person;

        c.   has been placed beyond the jurisdiction of the Court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be subdivided without difficulty; it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek

forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 846 and 853.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

EUN SOOK CHANG, a/k/a "Jackie,"
EUN SUN, a/k/a "Cindy," a/k/a "Sumi,"
HYUN LEE, a/k/a "Jennifer,"
SOO JUNG, SEOK CHO,
HYE KYUNG CHON, a/k/a "Tae Hee,"
MI AH SO, a/k/a "Naomi,"
HAE KYUNG LEE, a/k/a "Na Kyung,"
FNU LNU 1, a/k/a "Na Kyung's Driver,"
HYUN KIM, a/k/a "Cripple,"
FNU LNU 2, a/k/a "Philadelphia Madame,"
FNU LNU 3, a/k/a "General,"
MI-YOUNG LNU, GI HO KANG, YONG LEE,
MYUNG YOON LEE, a/k/a "Kevin,"
CHUL MIN CHO, a/k/a "Sam,"
CHUNG HSUEH LI, a/k/a "James,"
JASON KIM, DO KYOUNG KIM, a/k/a "Don,"
PAUL TURPANJIAN,

Defendants.

### INDICTMENT

S1 10 Cr. 878

(Title 18, United States Code, Section
371; 1956; 2421; and 2; Title 29, United
States Code, Sections 846, 841,
841(a)(1), and 841(b)(1)(B))

PREET BHARARA
United States Attorney.

**A TRUE BILL**

Foreperson.